UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

MAGISTRATE JUDGE
JOHNSON

**97-2244 CIV-MARCUS**

AUDREY DEMPSEY                     Case No.

    Plaintiff,

vs.

FAMILY FIRST MEDICAL CENTER, INC.

    Defendant.

_____/

### COMPLAINT

Plaintiff, AUDREY DEMPSEY sues Defendant FAMILY FIRST MEDICAL CENTER, INC. ("FAMILY FIRST"), a Florida Corporation and alleges:

### INTRODUCTION

1.    This is an age discrimination action brought by Plaintiff, a woman over the age of forty years, who was terminated from her employment in violation of her civil rights by Defendant FAMILY FIRST. The Plaintiff brings this action under Age Discrimination in Employment Act (ADEA), 29 U.S.C. sections 623 et seq., the Florida Civil Rights Act of 1992, Florida Statutes 760.01 et seq. and Employee Retirement Income Security Act. 29 U.S.C. section 1131 to redress injury done by the Defendant FAMILY FIRST's discriminatory treatment of Plaintiff and interference of Plaintiff's rights under FAMILY FIRST's employment benefit plan.



## JURISDICTION

2.   The jurisdiction of the Court of this controversy is invoked under the provisions of the ADEA, 29 U.S.C. sections 621 et seq. and ERISA, 29 U.S.C. sections 1132 et. seq.

## VENUE

3.   The unlawful employment practice alleged below was committed in the State of Florida. Accordingly, venue lies in the United States District Court of the Southern District of Florida under 28 U.S.C. § 1391(b).

## PARTIES

4.   Plaintiff AUDREY DEMPSEY is sui juris and is and, at all times material hereto, was a resident of the State of Florida.

5.   Defendant FAMILY FIRST is a Florida corporation with its principal place of business in Miami, Florida, and is authorized to do and is doing business in Florida at all times pertinent to this action. It is an "employer" as defined by 29 U.S.C. §630 and the Florida Civil Rights Act of 1992. It is engaged in an industry affecting commerce, as envisioned by 29 U.S.C. §630. Defendant FAMILY FIRST has fifty (50) employees and had twenty (20) or more employees for each working day in each of twenty or more calendar weeks in each relevant calendar year and meets each definition of "employer" as set forth in 29 U.S.C. § 630 and Florida Statutes § 760.02 (6).

## CONDITIONS PRECEDENT

6.   Prior to filing those portions of this claim that arise under the ADEA, the

2

Florida Civil Rights Act and Title VII, AUDREY DEMPSEY timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 7, 1997. The EEOC issued a Notice of Right to Sue to AUDREY DEMPSEY dated May 6, 1997. A copy of said notice is attached as Exhibit "A."

## GENERAL ALLEGATIONS

7.  Plaintiff is fifty-seven (57) years old and, at all times material hereto, was over the age of 40 years and thus a member of a protected group under ADEA, 29 U.S.C. sections 621 et seq.; and Florida Civil Rights Act of 1992, Florida Statutes, 760.01 -760.11.

8.  Plaintiff reported the violation of her protected Civil Rights pursuant to the ADEA and the Florida Civil Rights Act of 1992.

9.  Plaintiff is a Certified Medical Assistant in the State of Florida with over five years of on the job experience at the same location **with three different corporate HMO employees** including Defendant FAMILY FIRST.

10. Plaintiff's work performance evaluation was rated as satisfactory, at a minimum and outstanding at a maximum; which is also the highest work performance evaluation score provided by Defendant.

11. Plaintiff was told that her job was "eliminated" and instead the Defendant FAMILY FIRST replaced her with an employee who is under the age of forty (40) and with less educational experience.

12. Defendant FAMILY FIRST provided medical care to its employees as an employee benefit. Plaintiff's age and medical needs, along with the medical needs

of her husband, were factors in Defendant's decision to "eliminate" Plaintiff's position and replace her with a younger (age) worker.

### COUNT I. DEMPSEY's COUNT AGAINST FAMILY FIRST FOR VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

13. Plaintiff, DEMPSEY realleges paragraphs 1 through 12 above, as if fully set forth herein, and further alleges as follows:

14. Plaintiff falls within the protected group of employees pursuant to 29 U.S.C. § 623.

15. Plaintiff was qualified to perform her job duties and had received positive performance evaluations throughout her tenure with Defendant FAMILY FIRST.

16. Plaintiff's age was a motivating factor in Defendant FAMILY FIRST's decision to "eliminate" her job.

17. Defendant FAMILY FIRST discriminated against Plaintiff by telling her they were "eliminating" her job and then replacing her with an employee under forty years of age.

18. The acts of FAMILY FIRST were intentional, malicious, reckless, wanton and willful.

19. As a result of FAMILY FIRST's willfully discriminatory actions, Plaintiff has suffered damages including, but not limited to, loss of wages and employment benefits, pain and suffering, mental anguish and loss of dignity.

WHEREFORE, Plaintiff demands judgment against Defendant FAMILY FIRST for all legal, equitable and monetary relief to which she is entitled and which will

LAW OFFICES OF COHEN, BERKE, BERNSTEIN, BRODIE & KONDELL, P.A.
TERREMARK CENTRE, 19TH FLOOR, 2601 SOUTH BAYSHORE DRIVE, MIAMI, FLORIDA 33133-5460 • (305) 854-5900

effectuate the purpose of the ADEA, including but not limited to:

 a. appropriate back pay to AUDREY DEMPSEY;

 b. appropriate front pay in lieu of reinstatement to AUDREY DEMPSEY;

 c. issuance of a Declaratory Judgment that the Defendant's practices are violative of AUDREY DEMPSEY's rights under ADEA.

 d. injunctive relief enjoining Defendant from continuing or maintaining the policy, practice and custom of denying individuals within the protected class of age their rights secured by law;

 e. credits and all other benefits which AUDREY DEMPSEY would have received but for Defendant's unlawful discrimination, or the monetary equivalent thereof;

 f. costs, pre-judgment and post-judgment interests, and reasonable attorneys fees, pursuant to 29 U.S.C. section 626.

 g. an equal amount of the above as liquidated damages in favor of AUDREY DEMPSEY and against Defendant.

### COUNT II. DEMPSEY'S COUNT AGAINST FAMILY FIRST FOR VIOLATION OF FLORIDA CIVIL RIGHTS ACT of 1992

20. Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth herein, and further alleges as follows:

21. Plaintiff is protected by Florida Civil Rights Act of 1992 pursuant to Florida Statutes §760.10.

LAW OFFICES OF COHEN, BERKE, BERNSTEIN, BRODIE & KONDELL, P.A.
TERREMARK CENTRE, 19TH FLOOR, 2601 SOUTH BAYSHORE DRIVE, MIAMI, FLORIDA 33133-5460 • (305) 854-5900

22. Contrary to Florida Statutes §760.10, Defendant FAMILY FIRST discriminated against Plaintiff by "eliminating" her position and replacing her with a younger and less experienced employee.

23. The acts of FAMILY FIRST were intentional, malicious, reckless, wanton and willful.

24. As a result of FAMILY FIRST'S willfully discriminatory actions, DEMPSEY has suffered damages including, but not limited to, loss of wages and employment benefits, pain and suffering, mental anguish and loss of dignity.

WHEREFORE, Plaintiff demands judgment against Defendant FAMILY FIRST for all legal, equitable and monetary relief to which she is entitled and which will effectuate the purpose of the Florida Civil Rights Act of 1992, including but not limited to:

    a.    appropriate back pay to AUDREY DEMPSEY;

    b.    appropriate front pay in lieu of reinstatement to AUDREY DEMPSEY;

    c.    issuance of a Declaratory Judgment that the Defendant's practices are violative of AUDREY DEMPSEY's rights under Florida law;

    d.    injunctive relief enjoining Defendant from continuing or maintaining the policy, practice and custom of denying individuals within the protected class of age their rights secured by Florida law;

    e.    credits and all other benefits which AUDREY DEMPSEY would have received but for Defendant's unlawful discrimination, or the monetary equivalent

LAW OFFICES OF COHEN, BERKE, BERNSTEIN, BRODIE & KONDELL, P.A.
TERREMARK CENTRE, 19TH FLOOR, 2601 SOUTH BAYSHORE DRIVE, MIAMI, FLORIDA 33133-5460 • (305) 854-5900

thereof;

    f.    punitive damages in favor of DEMPSEY and against Defendant;

    g.    compensatory damages for mental anguish, embarrassment, humiliation and loss of dignity;

    h.    costs, pre-judgment and post-judgment interests, and reasonable attorneys fees, pursuant to Florida Statutes Section 760.11.

### COUNT III. DEMPSEY'S COUNT AGAINST FAMILY FIRST FOR VIOLATION OF SECTION 510 OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

25.    Plaintiff realleges paragraphs 1 through 24 above, as if fully set forth herein, and further alleges as follows:

26.    AUDREY DEMPSEY and her husband were beneficiaries of FAMILY FIRST's employee benefit plan which provided medical benefits to Plaintiff and her ailing husband.

27.    FAMILY FIRST terminated AUDREY DEMPSEY for the purpose of interfering with medical benefits to which she and her husband were and would have become entitled to under FAMILY FIRST's employee benefit plan.

WHEREFORE, Plaintiff demands judgment against Defendant FAMILY FIRST for all legal, equitable and monetary relief to which she is entitled and which will effectuate the purpose of the Employee Retirement Income Security Act (ERISA) including, but not limited to, recovery of the benefits due to AUDREY DEMPSEY and her husband, a beneficiary under the employee benefit plan, attorneys' fees and any

LAW OFFICES OF COHEN, BERKE, BERNSTEIN, BRODIE & KONDELL, P.A.
TERREMARK CENTRE, 19TH FLOOR, 2601 SOUTH BAYSHORE DRIVE, MIAMI, FLORIDA 33133-5460 • (305) 854-5900

other relief the Court determines to be just and equitable.

## JURY DEMAND

Plaintiff, AUDREY DEMPSEY, demands trial by jury of all issues so triable as a matter of right.

> COHEN, BERKE, BERNSTEIN,
> BRODIE & KONDELL, P.A.
> Attorneys for Plaintiff
> Terremark Centre, 19th Floor
> 2601 South Bayshore Drive
> Miami, Florida 33133
> (305) 854-5900
>
> By: _____
> BARBARA LAGOA
> Florida Bar No. 966990

8

LAW OFFICES OF COHEN, BERKE, BERNSTEIN, BRODIE & KONDELL, P.A.

TERREMARK CENTRE, 19TH FLOOR, 2601 SOUTH BAYSHORE DRIVE, MIAMI, FLORIDA 33133-5460 • (305) 854-5900

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## NOTICE OF RIGHT TO SUE
### (ISSUED ON REQUEST)

**To:**
Ms. Audrey E. Dempsey
9785 Cutler Ridge Drive
Miami, FL 33157

[ ] On behalf of a person aggrieved whose identity is CONFIDENTIAL
(29 C.F.R. 1601.7(a))

**From:**
Miami District Office
Equal Employment Opportunity Commission
One Biscayne Tower, Suite 2700
2 South Biscayne Boulevard
Miami, Florida 33131-1805

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 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 | Helena Czarniecki, Sr. Investigator | 305-530-6039, 536-4491 |

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

MAY 06 1997
(Date Mailed)

George E. Evans for
Federico Costales, District Director

Enclosures
  Information Sheet
  Copy of Charge

cc: **Charging Party Attorney**
Ms. Sherryll M. Dunaj, Attorney at Law
Cohen, Berke, Bernstein, et. al.
2601 S. Bayshore Drive, 19th Floor
Miami, FL 33133-5460

**Respondent Representative**
Ms. Kal Mistry, Dir. of Hum. Res.
FPA Family First Medical Center
6855 Red Road, Suite 500
Coral Gables, FL 33143

EEOC Form 161-B (10/96)

Rec'd. via Cert. mail on 5/8/97.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit **before 7/1/98** -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charges are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

# CHARGE OF DISCRIMINATION

☐ FEPA
☒ EEOC  150971958

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

Florida Commission on Human Relations _____ and EEOC
*State or local Agency, if any*

| | |
|---|---|
| NAME (Indicate Mr., Ms., Mrs.) Ms. Audrey E. Dempsey | HOME TELEPHONE (Include Area Code) (305) 252-1604 |
| STREET ADDRESS 9785 Cutler Ridge Drive | CITY, STATE AND ZIP CODE Miami, Florida 33157 |
| | DATE OF BIRTH 10/03/39 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| FPA Family First Medical Centers, Inc | 50 Plus | (305) 665-2133 |
| STREET ADDRESS 6855 Red Road, Suite 500 | CITY, STATE AND ZIP CODE Coral Gables, Florida 33143 | COUNTY Dade |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST / /    LATEST 10/04/96
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I am over the age of 40. My date of birth is October 3, 1939. I was terminated from my position as a certified medical assistant with respondent on October 4, 1996. I was replaced by Estella Crespo, a person under the age of 40, who did not have my educational credentials. I was fully qualified for my position, had an excellent attendance record, and was consistently evaluated as conscientious and capable. I believe that the reason I was terminated from my job and was replaced by a younger worker was because of my age (over 40) and not because of any other reason. Moreover, I believe that because Respondent provided my medical care as an employee benefit, the Respondent illegally considered my age and medical needs (and my husband's) in the decision to terminate my position and replace me with a younger worker.



NOTARY PUBLIC, STATE OF FLORIDA
CURTIS BRADLEY
COMMISSION NO: CC-407801
MY COMMISSION EXPIRES
NOV. 18, 1997

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT  *Audrey E. Dempsey*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) Feb 28 1997

# CIVIL COVER SHEET

97-2244 CIV-MARCUS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE JOHNSON**

**(a) PLAINTIFFS**

AUDREY DEMPSEY

**DEFENDANTS**

FPA FAMILY FIRST MEDICAL CENTERS, INC.

FILED BY __ D.C.
97 JUL 17 PM 12:37
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

97-2244-CIV-Marcus/Johnson

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
BARBARA LAGOA, ESQ.
Cohen, Berke, Bernstein, Brodie & Kondell
2601 S. Bayshore Dr., 19th Fl.
Miami, FL 33133    (305) 854-5900

**ATTORNEYS (IF KNOWN)**
Unknown

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
(DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 USC 623 - Employment Discrimination
(ADEA) Discrimination in Employment Act

IVa.  3  days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B ☐ 371 Truth in Lending | ☐ 690 Other | **A SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | B ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ★ ☐ 530 General | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ★ ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ★ ☐ 540 Mandamus & Other | | | *A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | *A or B | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE  07/15/97

SIGNATURE OF ATTORNEY OF RECORD
Barbara Lagoa

FOR OFFICE USE ONLY: Receipt No. 67913   07/17/97  Amount: 150.00